**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALI AGHAEI, et al., | : | |
| | : | Civil Action No. 2:21-cv-15407 (KM) |
| Petitioners, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JANE G. MECCA, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

MARTINOTTI, DISTRICT JUDGE

Before this Court is a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, brought by *pro se* Petitioner Avian Aghaei ("Petitioner")[1] to challenge an order by the Bergen County Family Court terminating parental custody based on allegations of abuse asserted by the Division of Child Protection and Permanency ("the Division"), and a request for injunctive relief.[2] (ECF Nos. 1, 2.) This Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen such petitions to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons below, this Court will dismiss the Petition without prejudice and deny Petitioner a certificate of appealability.

---

[1] Petitioner purports to bring the application on behalf of himself and his wife Ali Aghaei, but Ms. Aghaei does not appear to have signed any of the documents.

[2] Petitioner identifies either himself or his children as a "pretrial detainee held for trial on civil allegations that have been confirmed to be fraudulent," but it is unclear whether Petitioner is actually detained, or where, or if the "detention" he references is the removal of his children. In a recently-filed matter in this Court making essentially identical allegations (Docket No. 21-cv-14221), Petitioner provides a residential California address.

# I.  BACKGROUND

According to the Petition, the children, a son who is almost two and a daughter who is almost one, were born prematurely in 2020, weighing 1 pound and 3 ounces.  On March 25, 2021, the Bergen County Family Court entered an order removing the children from the parents' custody based on allegations of abuse including "a multitude of fractures." (Docket No. 21-cv-14221, ECF No. 1-3.)[3] The order denied Petitioner's "motion for writ of habeas corpus" and applications to remove the Law Guardian and return the children to the parents' custody. (*Id.* at 6.) The order also directed Petitioner and Ms. Aghaei to attend psychological evaluations, permitted twice weekly visits, and scheduled pediatrician, ophthalmologist, urologist, and feeding specialist appointments. (*Id.* at 3-4.)

On August 12, 2021, the son was rushed to Hackensack Hospital with a fever, labored breathing, slow heartbeat, coughing, sneezing, and other serious symptoms including loss of vision. That apparently prompted this application.

Petitioner asserts jurisdiction based on federal question and diversity of citizenship. (¶ II.) Petitioner alleges violations of Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act, the Fifth and Fourteenth Amendments, and 18 U.S.C. §§ 242, 286, 287 (¶ II(A).) The thrust of Petitioner's claim is that the Division used fraudulent information to obtain the protective/custody order (¶ III.) Petitioner seeks "a warrant returning custody of [the] children" and/or an order dismissing the Family Court action. (¶ IV.)

---

[3] The children appear to have been assigned a Law Guardian in those proceedings. (Docket No. 21-14221, ECF No. 1-3.)

## II. DECISION

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit in *Moore* held that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Therefore, where no

exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

While courts have interpreted the concept of "custody" for habeas purposes broadly to include situations beyond pure criminal detention, a petitioner will only be considered in "custody" for habeas purposes where he is "subject both to 'significant restraints on liberty . . . which are not shared by the public generally,' along with 'some type of continuing governmental supervision.'" *See, e.g., Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003). However, habeas jurisdiction does not include challenges to the termination of parental rights, the loss of custody over one's children, or the placement of one's children in foster care. *Lehman v. Lycomng Cnty. Children's Servs. Agency*, 458 U.S. 502, 509-12 (1982); *see also Roundtree v. New Jersey*, No. 17-581, 2017 WL 507597, at *3 (D.N.J. Feb. 7, 2017) ("habeas jurisdiction does not exist to challenge" state court child custody determinations).

Petitioner also appears to argue that this Court can assert jurisdiction based on New Jersey's recent receipt of various federal funds in the form of FEMA and block grants.[4] However, federal funding "cannot serve as an independent basis for establishing jurisdiction" *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1026 (7th Cir. 2001).

Finally, based on the filings in the related matter, it appears that this matter remains pending in Bergen County Family Court, and, therefore, even if any habeas remedies were available, they could be sought only after exhaustion of state court remedies, including appeals. (Docket No. 21-cv-14221, ECF Nos 1-3, 1-4); *Braden v. 30th Judicial Circuit Ct.,* 410 U.S. 484, 490–91 (1973);

---

[4] These documents were emailed by Petitioner to the Clerk but have not yet been docketed.

*Picard v. Connor,* 404 U.S. 270 (1971); *Moore v. De Young,* 515 F.2d 437, 442–43 (3d Cir.1975). If Petitioner seeks to challenge the Bergen County Family Court's determinations, he must do so in state court. If Petitioner asserts that emergent relief is required, such procedures are generally available in state court (*see* "Emergency Application Order to Show Cause," https://www.njcourts.gov/forms/11523_otsc_emerg_app_osc.pdf?c=yzw .). However, because this Court lacks jurisdiction, injunctive relief is denied, and the Petition is dismissed without prejudice.

## III.  CERTIFICATE OF APPEALABILITY

Appeals from petitions brought pursuant to 28 U.S.C. § 2241 by federal prisoners do not require a certificate of appealability. *See, e.g., Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006). Though Petitioner's incarceration status is ambiguous, assuming Petitioner is a state pre-trial detainee, he would be required to obtain a certificate of appealability to challenge this Court's dismissal of his Petition because the Petition challenges his detention which "arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008).

In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's Petition, it is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** and Petitioner is **DENIED** a certificate of appealability.

An appropriate order follows.

DATED: August 18, 2021

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**